UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

EVANSTON INSURANCE              CIVIL ACTION NO. 06-1603

VERSUS                          U.S. DISTRICT JUDGE DEE D. DRELL

BROADWAY GROCERY, INC., et al   U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment filed by Evanston Insurance Company (Evanston), doc. # 10, referred to me by the district judge for Report and Recommendation.

This is a suit for declaratory judgment by Evanston seeking a ruling that it did not provide insurance coverage to the defendant, Broadway Grocery, Inc. (Broadway), regarding an accident involving the Powells on January 21, 2005.

Delores Powell was shopping at Broadway on January 21, 2005 and she claims she was injured by an employee. Suit was filed in state court and a default judgment was entered and confirmed against the defendant Broadway and its principals.

On the same day as the accident, defendant (in the state suit) Muhammed Hamayel applied for a policy of insurance with Harlan Insurance Agency pursuant to which coverage was bound on the same day at 1:06 p.m.

It was not until August 21, 2006 that the accident was reported to Harlan Insurance Agency, at which time Harlan was told that a default judgment had already been rendered. The default

judgment was declared a nullity by the state court later.

Defendant, Evanston, argues that the accident occurred before noon and that the policy was issued afterward, providing coverage beginning at 1:06 p.m. It also argues that it has been prejudiced by the failure of its insured to notify it of the accident in a timely fashion in accordance with the requirements of the policy.

In support of its motion Evanston has provided the affidavits of three persons who heard a telephone interview by Mr. Harlan with the injured person, Delores Powell, in which Powell stated that the time of the accident was "before noon, before lunch, before 12:00 p.m.".

Broadway and the Powells (represented by the same attorney) oppose the motion and assert that the actual policy provides that it is effective at 12:01 a.m. on January 21, 2005 which would necessarily have been before the accident. In addition, they provide Delores Powell's affidavit in which she admits talking to Harlan but states that she does not recall telling Harlan the accident occurred before noon. In her affidavit, she states that it occurred "between the morning and the early afternoon."

There is no question, despite defendants' arguments, that the policy was effective beginning at 1:06 p.m., not 12:01 a.m. The policy does not provide coverage for occurrences before the policy was purchased, regardless of the standard "12:01 a.m." language contained in the declarations. However, there is a genuine issue of

material fact as to what time the accident occurred.

In addition, defendants have stated that the default judgment was declared a nullity. If that is the case, then there may be no prejudice to Evanston caused by the delay in reporting the claim. The determination when notification was made to the insurer and whether there was prejudice to it should await consideration of additional evidence.

For these reasons, IT IS RECOMMENDED that the motion for summary judgment be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL**

**CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, July 3, 2007.

                                                JAMES D. KIRK
                                                UNITED STATES MAGISTRATE JUDGE