

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY | CIVIL ACTION NO. 06-1603 |
| -vs- | JUDGE DRELL |
| BROADWAY GROCERY, INC., et al. | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Before the Court is a motion to dismiss or, in the alternative, to stay (Doc. 72) filed by Deloris and Johnny Powell ("the Powells"), two of the defendants in this declaratory judgment action under 28 U.S.C. § 2201. For the reasons set forth below, the motion will be denied.

## BACKGROUND

On January 21, 2005, Deloris Powell allegedly suffered injuries to her knee when an employee of defendant Broadway Grocery, Inc. ("Broadway") caused her to fall. The Powells filed a suit in 9th Judicial District Court for the Parish of Rapides, Louisiana, against Broadway, Khaled Abdelsalem, Naemah Abdelsalem, and Dennis Brass. A default judgment dated August 14, 2006 was entered in the 9th Judicial District Court ("the state court judgment").

On September 15, 2006, Evanston Insurance Company ("Evanston") filed the instant declaratory judgment action in this Court under 28 U.S.C. § 2201, asserting that the state court judgment was "the first notice given to Evanston of this incident, or of

any claim or lawsuit regarding this alleged incident." (Doc. 1, par. 6). Evanston, anticipating an indemnification claim against it, seeks a judgment declaring that Evanston is not liable to Broadway under Commercial General Liability ("CGL") Policy No. CL170101351, effective from January 21, 2005, through January 21, 2006. We previously ruled, in connection with Evanston's first motion for summary judgment, that the policy became effective at 1:06 p.m. on January 21, 2005, but we denied that first motion because genuine issues of material fact remained regarding the time the accident occurred.[1] Pending before the Court is a second motion for summary judgment by Evanston, seeking judgment in its favor based on allegedly undisputed evidence that the accident occurred before 1:06 p.m. on January 21, 2005, and thus outside of policy coverage.

The Powells opposed Evanston's second motion for summary judgment, but in the meantime they also filed this motion to dismiss or, in the alternative, to stay (Doc. 72). In it, they explain that Broadway filed a petition for nullity in the 9th Judicial District Court concerning the August 14, 2006, state court judgment at issue here. On May 31, 2007, the 9th Judicial District Court granted the petition of nullity and entered a judgment annulling the August 14, 2006, judgment. We take judicial notice that the Louisiana Third Circuit Court of Appeal, in an unpublished opinion, affirmed the 9th

---

[1] On July 24, 2007, we adopted the magistrate judge's July 3, 2007, report and recommendation, which specifically stated, "There is no question, despite defendants' arguments, that the policy was effective beginning at 1:06 p.m., not 12:01 a.m. The policy does not provide coverage for occurrences before the policy was purchased, regardless of the standard '12:01 a.m.' language contained in the declarations." (Doc. 31, p. 2).

Judicial District Court's judgment, based on deficiencies in service of process. Deloris Powell v. Broadway Grocery, 2008 WL 1897716 (La. App. 3 Cir. 2008).

The Powells claim that the annulment of the August 14, 2006, state court judgment means there is no "case of actual controversy" under 28 U.S.C. § 2201, and that this Court thus lacks subject matter jurisdiction to hear this declaratory judgment action. Essentially, the Powells argue that the annulment of the state court judgment moots this action. In opposition, Evanston argues that the basis for this declaratory judgment action, Evanston's potential liability under CGL Policy No. CL170101351, is still very much in dispute, regardless of the fact that the state court default judgment was annulled. We address the merits of these arguments below.

## LAW AND ANALYSIS

28 U.S.C. § 2201 provides, in relevant part:

(a) In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Id.

The Powells' motion turns on whether there is a "case of actual controversy." The Fifth Circuit provided an overview of the jurisprudence on that point in Rowan Companies, Inc. v. Griffin, 876 F.2d 26 (5th Cir. 1989):

In addressing the [Declaratory Judgment] Act's restriction to cases of actual controversy the Supreme Court has stated:

> The Constitution limits the exercise of the judicial power to "cases" and "controversies." ... The Declaratory Judgment Act of 1934, in its limitation to "cases of actual controversy," manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense. The word "actual" is one of emphasis rather than of definition ...
>
> A "controversy" in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages.

Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-41, 57 S.Ct. 461, 463-64, 81 L.Ed. 617 (1937) (citations omitted); see also 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2757 (1983).

While recognizing the difficulty of fashioning a precise test for identifying a justiciable controversy, the Court has clearly instructed that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). Moreover, "[i]t is immaterial that frequently, in the declaratory judgment suit, the positions of the parties in the conventional suit are reversed; the inquiry is the same in either case." Id. Guided by these teachings, this court has applied the following rule when determining whether a request for declaratory judgment relief presents an actual controversy:

4

> A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.
>
> Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662, 665 (5th Cir.1967).

Rowan, 876 F.2d at 27-28.

The issue in Rowan was "whether Rowan's [the employer's] legal obligation to provide Griffin [the injured employee] with maintenance and cure has been extinguished because Griffin has reached maximum cure." Id., 876 F.2d at 28. The Fifth Circuit reasoned:

> This is not a hypothetical, conjectural, or conditional question, or one based upon the possibility of a factual situation that may never develop. Rather, the controversy is real, definite, and concrete, and therefore justiciable, for **all of the acts necessary for resolution of the merits of the claim**—Griffin's injury and the course of his subsequent medical recovery—**occurred prior to the filing of Rowan's complaint**.
>
> Griffin contends that there is no justiciable controversy because he had not made a formal or informal demand for continued maintenance and cure payments prior to Rowan's request for a declaratory judgment. We disagree. **Such a demand is not a requisite for use of this judicial problem-solver. The purpose of the Declaratory Judgment Act is "'to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued.'"** Government Employees Ins. Co. v. LeBleu, 272 F.Supp. 421, 427 (E.D.La.1967) (quoting 3 Barron & Holtzoff, Federal Practice and Procedure (Wright Edition) § 1262). **The declaratory judgment vehicle also is intended to provide a means of settling an actual controversy before it ripens into a violation of the civil or criminal law, or a breach of a contractual duty.** Scott-Burr Stores Corp. v. Wilcox, 194 F.2d 989, 990 (5th Cir.1952).

Id. (emphasis added).

Here, although the state court default judgment has been annulled, there is apparently nothing preventing prosecution of the state court suit on the merits. The

annulment of that default judgment does not, as the Powells argue, moot this declaratory judgment action, because this action does not, at its heart, concern the state court action per se. Instead, this action concerns the Powells' claim that is the basis for state court action, and that claim is in no way diminished by the annulment of the default judgment. This action is about whether or not Evanston may be liable under the CGL policy at issue, and that potential liability is not, for example, "based upon the possibility of a factual situation that may never develop." Id. (quoting Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662, 665 (5th Cir.1967)). Indeed, if Broadway is held liable on the merits of the state court action, Evanston will be in everyone's sights for coverage and payment of Broadway's liability. Even without Broadway's actual liability, Evanston is now immediately subject to be joined in the state court suit as an additional defendant.

As in Rowan, "all of the acts necessary for resolution of the merits of the claim ... occurred prior to the filing of [Evanston's] complaint." Id. Moreover, if a formal complaint is not a prerequisite to a declaratory judgment action, Id., then a final state court judgment surely is not. Finally, there is no need for this controversy to have "ripen[ed] into a violation of the civil ... law, or a breach of a contractual duty" between Broadway or the Powells and Evanston. Id. Because all of the facts necessary for resolution of this matter occurred prior to the filing of this suit and are presently before the Court, we find that the controversy in this case "can presently be litigated and decided and [is] not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." Id. (quoting Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662, 665 (5th Cir.1967)). In short, we find that there is a "case of

6

actual controversy" within the meaning of 28 U.S.C. § 2201. Accordingly, the Powells' motion to dismiss or, in the alternative, to stay (Doc. 72) will be denied.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the motion to dismiss or, in the alternative, to stay (Doc. 72) filed by Deloris and Johnny Powell is DENIED.

SIGNED on this 24 day of July, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE