

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY | CIVIL ACTION NO. 06-1603 |
| -vs- | JUDGE DRELL |
| BROADWAY GROCERY, INC., et al. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court are two motions for summary judgment (Docs. 58 and 60) filed by the plaintiff, Evanston Insurance Company ("Evanston"), in this declaratory judgment action under 28 U.S.C. § 2201. The motions, and all of the attachments thereto, are apparently duplicates, and we address them as one motion in this ruling. For the reasons set forth below, the motions will be granted. By separate judgment, we declare that there is no insurance coverage under Commercial General Liability ("CGL") Policy No. CL170101351 for any claim arising out of Deloris Powell's January 21, 2005, accident on the premises of defendant Broadway Grocery, Inc. ("Broadway").

## BACKGROUND

On January 21, 2005, Deloris Powell allegedly suffered injuries to her knee when an employee of Broadway caused her to fall. The Powells filed a suit in 9th Judicial District Court for the Parish of Rapides, Louisiana, against Broadway, Khaled Abdelsalem, Naemah Abdelsalem, and Dennis Brass (collectively, "the state court

defendants"). A default judgment dated August 14, 2006 was entered in the 9th Judicial District Court ("the state court judgment"). That default judgment was later annulled based on deficient service of process, and the Louisiana Third Circuit Court of Appeal, in an unpublished opinion, affirmed the annulment. Deloris Powell v. Broadway Grocery, 2008 WL 1897716 (La. App. 3 Cir. 2008). That annulment sent the matter back to the state district court.

On September 15, 2006, Evanston filed the instant declaratory judgment action, under 28 U.S.C. § 2201, in this Court against Broadway and Deloris and Johnny Powell, asserting that the state court default judgment of August 14, 2006, was "the first notice given to Evanston of this incident, or of any claim or lawsuit regarding this alleged incident." (Doc. 1, par. 6). Evanston, anticipating an indemnification claim against it, seeks from us, in the declaratory judgment action and in the instant motion, a judgment declaring that there is no insurance coverage under Commercial General Liability ("CGL") Policy No. CL170101351, effective from January 21, 2005, through January 21, 2006, for the occurrence at issue here, Mrs. Powell's accident on January 21, 2005. We recently denied the Powells' motion to dismiss for lack of jurisdiction.

Significantly, we previously noted, in connection with Evanston's first motion for summary judgment, that the policy became effective at 1:06 p.m. on January 21, 2005, but we denied that first motion because genuine issues of material fact remained regarding the time the accident occurred.[1] Our previous finding was based on the fact

---

[1] On July 24, 2007, we adopted the magistrate judge's July 3, 2007, report and recommendation, which specifically stated, "There is no question, despite defendants' arguments, that the policy was effective beginning at 1:06 p.m., not 12:01 a.m. The policy does not provide coverage for occurrences before the policy was purchased, regardless of the standard '12:01

2

that, although the policy's boilerplate language contains a 12:01 a.m. start time on January 21, 2005, the insurance coverage was not bound until 1:06 p.m. on January 21, 2005. As Evanston points out in its memorandum in support of this motion (Doc. 60-2, pp. 3-4), there is no Louisiana case directly on point for this set of facts. There need not be, however, because the issue is decided by the definition of "insurance" found in the Louisiana Insurance Code: "'Insurance'" is a contract whereby one undertakes to indemnify another or pay a specified amount upon **determinable contingencies**...." La. R.S. § 22:5(9)(a) (emphasis added). Under this occurrence policy, any occurrence prior to the time the insurance was bound cannot be a contingency, determinable or otherwise; it is an immutable certainty. For that reason, any occurrence prior to the time the coverage was bound is, by definition, uninsurable under the policy, regardless of the boilerplate language.

The instant motion is the second motion for summary judgment by Evanston, seeking declaratory judgment in its favor based on allegedly undisputed evidence that the accident occurred before 1:06 p.m. on January 21, 2005, and thus outside of policy coverage. The timing of the accident is significant, because CGL Policy No. CL170101351 "specifically provides that the insurance applies only [to] an 'occurrence' causing 'bodily injury' that takes place during the policy period" (Doc. 58-3, par. 6); thus, if Mrs. Powell's accident (the "occurrence") took place before the policy became effective, it is not covered. Specifically, Evanston points to evidence that Mrs. Powell "reported to her physician with complaints of a knee injury resulting from a fall"; "X-rays

---

a.m.' language contained in the declarations." (Doc. 31, p. 2).

of her knee were taken, and a radiologist concluded that she had fractured her knee"; and "[t]his determination was made before 10:30 a.m.—at least two and a half hours prior to the inception of the Evanston CGL policy." (Doc. 58-3, pars. 10-12). Evanston listed these asserted facts (which are supported by record evidence) in its statement of uncontested material facts pursuant to LR56.1.

The Powells opposed Evanston's second motion for summary judgment, asserting only the following contested issues of material "fact" pursuant to LR56.2:

(1) There is a dispute as to the effective time of Policy No. CL170101351 issued to Broadway Grocery Inc.

(2) There is dispute as to whether Deloris Powell knew the exact time the accident occurred.

(3) Deloris Powell told Mark Harlan that the accident occurred "before noon, before lunch, before 12:00 p.m."

(4) There is dispute regarding the time of Mrs. Powell['s] injuries.

(Doc. 70, p. 7).

There are some serious problems with this statement of supposedly contested facts. LR56.2 ("Opposition to Summary Judgment") provides:

Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

Id.

The first asserted disputed "fact," the effective time of the CGL policy at issue, is not an issue of fact at all, but an issue of law—an issue that we have already decided.

4

The effective time of the policy, as we previously ruled, is 1:06 p.m. on January 21, 2005, not 12:01 a.m. on January 21, 2005. That is why the time of the accident is at issue in this case at all. Likewise, the fourth asserted "fact" on the list, that there is a dispute concerning the time of Mrs. Powell's injuries, is simply a legal conclusion. The correctness of that legal conclusion is for the Court to decide, based on whether or not the Powells's evidence demonstrates a genuine issue of material fact with respect to Evanston's evidence.

That brings us to the second and third alleged disputed facts on the Powells list, which concern whether or not Mrs. Powell either subjectively remembered the time of the accident or communicated the time of the accident to someone else. We accept as true the Powells' assertions that Mrs. Powell does not remember the exact time of the accident and that Mrs. Powell did not tell Mark Harlan, the selling insurance agent, that the accident occurred "before noon, before lunch, before 12:00 p.m.." Nevertheless, those assertions do not in any way contradict the objective evidence presented by Evanston concerning the time of the accident, as established by Mrs. Powell's medical records. Although Mrs. Powell may not subjectively remember when the accident occurred, and although she may not have told anyone else that it definitely occurred prior to noon on January 21, 2005, the Powells have failed to present any evidence contradicting Evanston's statements of material facts objectively establishing the time of accident at no later than 10:30 A.M. on January 21, 2005.

Having established the undisputed material facts, we address the merits of Evanston's second motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to defeat a motion for summary judgment." Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

## LAW AND ANALYSIS

Because we already ruled that the effective time of the CGL policy at issue is 1:06 p.m. on January 21, 2005, the only relevant issue in this case is the time that the accident

6

occurred. As discussed above, Evanston has presented objective evidence—Mrs. Powell's medical records—that the accident occurred no later than 10:30 a.m. on the morning of January 21, 2005, well before the 1:06 p.m effective start of the policy period. In response, the Powells have raised only questions as to whether Mrs. Powell subjectively remembers the time of the accident, or communicated the time of the accident to Mark Harlan. However, those subjective assertions are now irrelevant in light of the objective medical records presented by Evanston. It is the time of the "occurrence" that determines coverage under the CGL policy at issue, not a person's subjective belief concerning the time of that occurrence.

There are no genuine issues of material fact concerning the time of the accident. The evidence establishes that the accident occurred prior to the effective coverage period of the CGL policy. Accordingly, Evanston's duplicate motions for summary judgment (Docs. 58 and 60) will be granted. Evanston is entitled to a judgment declaring that there is no insurance coverage under CGL Policy No. CL170101351 for the occurrence at issue here, Mrs. Powell's accident on the morning of January 21, 2005.

## CONCLUSION

For the foregoing reasons, the duplicate motions for summary judgment (Docs. 58 and 60) filed by Evanston are GRANTED. By separate judgment, we declare that there is no insurance coverage under CGL Policy No. CL170101351 for any claim arising out of the occurrence at issue here, Deloris Powell's accident on the morning of January 21, 2005, on the premises of defendant Broadway Grocery, Inc.

SIGNED on this 24th day of July, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE